DUFRESNE, Judge.
Plaintiffs, Craig Garrison and Sonja An-thenes appeal the decision of the trial court granting defendants’ Motion for Summary Judgment.
This case involves an unreported automobile accident which allegedly occurred June 8, 1985, in the parking lot of the Belle Promenade Shopping Center in Marrero, Louisiana. Plaintiffs alleged that the driver of the offending vehicle, James Anderson cut across the parking area and collided with their automobile. Furthermore, plaintiffs contended that the pick-up truck driven by James Anderson was owned by Anderson National, Inc., and at the time of the accident he was an employee acting within the course and scope of his employment.
The defendant, Anderson National, Inc. filed a motion for summary judgment asserting that James Anderson was the owner of the alleged pick-up truck on the date in question and was not acting within the course and scope of his employment.
From the granting of the summary judgment, plaintiffs have appealed.
Because we find the record void of any error, we affirm.
We are convinced that the issue of who owned the alleged pick-up truck on the date of the accident was resolved via affidavits submitted by Terry Benson, an officer and director of Anderson National, Inc., and the defendant, James Anderson, in which both indicate James Anderson as the owner of the pick-up truck. Additionally, the record reflects a bill of sale dated June 7, 1985, which clearly identified James Anderson as the owner of the pick-up truck in question on the date of the alleged accident. Thus, we find no genuine issue of fact relative to ownership of the pick-up truck.
Regarding the remaining issue of employer liability, the theory of respondeat superior is not applicable to this case.
Under Louisiana law, an employer shall be liable for an employee’s tortious conduct if, at the time the injury occurs, the employee was acting within the course and scope of his employment. LSA-C.C. art. 2320; LeBrane v. Lewis, 292 So.2d 216 (La.1974) and Poynor v. Cure, 443 So.2d 1151 (La.App. 5th Cir.1983).
In order to establish employer liability pursuant to the theory of respondeat superior, our Supreme Court declared in LeBrane v. Lewis, supra that a determination of an employee’s tortious conduct must be “... so closely connected in time, place and causation to his employment (duties) as to be regarded a risk of harm fairly attributable to the employer’s business, as compared with the conduct motivated by purely personal considerations entirely extraneous to the employer’s interests”.
For purposes of summary judgment, the affidavits of Terry Benson and the defendant, James Anderson, are without equivocation that he was not acting within the *694 course and scope of his employment. In fact, James Anderson’s admission that he was not acting within the course and scope of his employment on the alleged date in question, exposes him to the potential of being found solely responsible for this alleged accident. Surely, this is an admission against his self-interest.
The pleadings and affidavits found in the record clearly exonerate the defendant, Anderson National, Inc. from any liability for damages occasioned in the alleged accident between James Anderson and plaintiffs. We find no genuine issue as to facts establishing a connection between the alleged accident and James Anderson’s employment related duties, nor any factual dispute relative to ownership of the alleged offending pick-up truck.
Accordingly, the judgment of the trial court is affirmed at appellants’ cost.
AFFIRMED.